**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

REBECCA CARRASCO,

            Plaintiff,

v.                                                      No. 2:22-cv-352 KG/KRS

ASSURANT, INC.; AMERICAN BANKERS
INSURANCE COMPANY OF FLORIDA; and
WELLS FARGO INSURANCE INC.,

            Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

        THIS MATTER is before the Court due to Plaintiff's failure to comply with the Court's

Order to Show Cause, (Doc. 30).   Plaintiff, who is proceeding pro se, initiated this action on

March 24, 2022 by filing a complaint in the State of New Mexico Thirteenth Judicial District

Court.   (Doc. 1-1).   Plaintiff sues for payment of benefits under a renter's insurance policy and

other damages.   *Id.*   Defendants removed the action to this Court on May 6, 2022.   (Doc. 1).

On May 31, 2022, the Court entered an Initial Scheduling Order setting a Rule 16(c) scheduling

conference for July 19, 2022, and ordered the parties to meet and confer, cooperate in preparing

a Joint Status Report and Provisional Discovery Plan, and file the Joint Status Report by July 11,

2022.   (Doc. 15).   On July 11, 2022, counsel for Defendants filed a Joint Status Report and

Provisional Discovery Plan stating that Plaintiff "declined to participate" in the meet and confer,

and the Joint Status Report does not contain any information from Plaintiff.   (Doc. 29) at 1.

        The Court then entered an Order Vacating the Scheduling Conference to Show Cause,

and ordered Plaintiff to meet and confer with Defendants' counsel regarding the Joint Status

Report by July 25, 2022, and set a deadline of August 1, 2022, for Plaintiff or Defendants'

counsel to file a completed Joint Status Report.   (Doc. 30).   The Court warned Plaintiff that

failure to comply with the Order may result in sanctions, including dismissal of this action.   *Id.* at 2 (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992)).   The Court further noted that Plaintiff provided two different email addresses and ordered Plaintiff to file a notice with the Court clarifying her correct email address by July 25, 2022.   (Doc. 30) at 3.   The docket reflects that the Clerk's Office sent the Order to Show Cause, Court's Guide for Pro Se Litigants, and a copy of the Court's Local Rules to Plaintiff by email and postal mail.

On August 1, 2022, Defendants filed a response to the Court's Order to Show Cause, stating that on July 19, 2022, counsel for Wells Fargo provided Plaintiff a copy of the Court's Order to Show Cause and Plaintiff acknowledged receipt of the email.   (Doc. 34) at 1-2. Counsel for Wells Fargo contacted Plaintiff by email again on July 21, 2022 and attempted to confer regarding the Joint Status Report and Provisional Discovery Plan.   Counsel provided Plaintiff a Word version of the document to complete and invited Plaintiff to schedule a conference call to discuss further, but Plaintiff did not respond.   *Id.* at 2.   On August 1, 2022, counsel for Assurant and ABIC reached out to Plaintiff by email, again provided her with a Word version of the Joint Status Report to complete, and requested her additions as soon as possible.   Plaintiff did not respond as of the time Defendants filed their response to the Order to Show Cause on August 1, 2022 at 5:00 p.m.

Pro se litigants are required to follow the Federal Rules of Procedure, the Court's Local Rules, and orders entered by the Court.   *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (explaining a party's *pro se* status does not excuse his obligation to comply with the fundamental requirements of civil procedure rules or orders of the Court); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994) (explaining *pro se* parties must comply with same procedural rules that govern all other litigants).   Plaintiff's refusal to participate in the meet and confer and

prepare Plaintiff's portion of the Joint Status Report is a direct violation of the Court's Initial Scheduling Order and Order to Show Cause.   The Court may impose sanctions under its inherit power to regulate its docket and promote judicial efficiency when an attorney or *pro se* party willfully disobeys a court order.   *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991); *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003); *Martinez v. IRS*, 744 F.2d 71, 73 (10th Cir. 1984).   Moreover, under Rule 16(f), the Court may impose sanctions if a party or an attorney fails to obey a scheduling or other pretrial order.   *See* Fed. R. Civ. P. 16(f)(1)(C); *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) (explaining Rule 16(f) gives courts "very broad discretion to use sanctions where necessary to insure … the expeditious and sound management of the preparation of cases for trial") (citation omitted).   One such sanction within the discretion of the Court is to dismiss an action for want of prosecution.   *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 628-30 (1962); *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 856 (10th Cir. 2005).   "It is within a court's discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice."   *Ehrenhaus*, 965 F.2d at 918.

Before imposing dismissal as a sanction, a district court should evaluate the following factors on the record: "(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."   *Gripe*, 312 F.3d at 1188 (summarizing the *Ehrenhaus* factors).   Dismissal as a sanction under Rule 16(f) should ordinarily be evaluated under the same factors.   *See id.*   "The factors do not create a rigid test but are simply criteria for the court to consider."   *Id.* (citing *Ehrenhaus*, 965 F.2d at 921).

Here, Plaintiff has failed to comply with multiple Court orders to cooperate in preparing and filing a Joint Status Report and failed to comply with the Court's order to notify the Court of her correct email address.   In addition, Plaintiff failed to file a response to Defendant Wells Fargo's Motion to Dismiss or Alternative Motion for a More Definite Statement, (Doc. 22), which was filed June 22, 2022, and Plaintiff's response was due July 7, 2022.   Plaintiff's failure to comply with the Court's orders and rules has caused prejudice to Defendants and interference with the judicial process as the Court has been unable to set pre-trial deadlines to move this case towards resolution.   This case cannot proceed without Plaintiff's participation.   Plaintiff is culpable for violating the Court's orders as the docket shows the orders were sent to Plaintiff at her email and postal addresses of record and there is no indication that she did not receive them. Moreover, Plaintiff has not provided valid reasons why she has refused to abide by the Court's orders.   Finally, Plaintiff was warned in the Court's Order to Show Cause that sanctions— including dismissal—could be imposed.   *See* (Doc. 30) at 2.   Plaintiff's failure to respond to the orders of this Court indicate that lesser sanctions would not be effective.   The Court, therefore, finds the *Ehrenhaus* factors weigh in favor of dismissal.

IT IS THEREFORE RECOMMENDED that Plaintiff's complaint be dismissed without prejudice.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE