IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REBECCA CARRASCO,

        Ms. Carrasco,

v.                                                              No. 2:22-cv-352 KG/KRS

ASSURANT, INC.; AMERICAN BANKERS
INSURANCE COMPANY OF FLORIDA; and
WELLS FARGO INSURANCE INC.,

        Defendants.

ORDER ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD"), (Doc. 35), in which the Magistrate Judge recommends dismissing Plaintiff's Complaint without prejudice for failure to comply with the Court's Orders and participate in the discovery process. On August 15, 2022, Plaintiff Rebecca Carrasco filed a document titled Motion for Special Proceeding on Proposed Finding and Recommended Disposition, (Doc. 36), which the Court construes as objections to the PFRD. Defendants responded to Ms. Carrasco's objections. (Docs. 37 and 38). Having considered the record of the case, the PFRD, Ms. Carrasco's objections and Defendants' responses, and relevant law, the Court overrules Ms. Carrasco's objections, adopts the PFRD, and dismisses Ms. Carrasco's Complaint without prejudice.

I.    *Background*

Ms. Carrasco, who is proceeding *pro se*, initiated this action on March 24, 2022, by filing a complaint in the State of New Mexico Thirteenth Judicial District Court. (Doc. 1-1). Ms. Carrasco sues for payment of benefits under a renter's insurance policy and other damages. *Id.*

Defendants removed the action to this Court on May 6, 2022. (Doc. 1). On May 31, 2022, the Court entered an Initial Scheduling Order setting a Rule 16(c) scheduling conference for July 19, 2022, and ordered the parties to meet and confer, cooperate in preparing a Joint Status Report and Provisional Discovery Plan, and file the Joint Status Report by July 11, 2022. (Doc. 15). On July 11, 2022, Defendants filed a Joint Status Report and Provisional Discovery Plan stating that Ms. Carrasco "declined to participate" in the meet and confer, and the Joint Status Report does not contain any information from Ms. Carrasco. (Doc. 29) at 1.

The Court then entered an Order Vacating the Scheduling Conference and Order to Show Cause, and ordered Ms. Carrasco to meet and confer with Defendants' counsel regarding the Joint Status Report by July 25, 2022, and set a deadline of August 1, 2022, for Ms. Carrasco or Defendants to file a completed Joint Status Report. (Doc. 30). The Court warned Ms. Carrasco that failure to comply with the Order may result in sanctions, including dismissal of this action. *Id.* at 2 (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992)). The Court further noted that Ms. Carrasco provided two different email addresses and ordered Ms. Carrasco to file a notice with the Court clarifying her correct email address by July 25, 2022. (Doc. 30) at 3. The docket reflects that the Clerk's Office sent the Order to Show Cause, Court's Guide for *Pro Se* Litigants, and a copy of the Court's Local Rules to Ms. Carrasco by email and postal mail.

On August 1, 2022, Defendants filed a response to the Court's Order to Show Cause, stating that on July 19, 2022, counsel for Wells Fargo provided Ms. Carrasco a copy of the Court's Order to Show Cause and Ms. Carrasco acknowledged receipt of the email. (Doc. 34) at 1-2. Counsel for Wells Fargo contacted Ms. Carrasco by email again on July 21, 2022, and attempted to confer regarding the Joint Status Report and Provisional Discovery Plan. Counsel provided Ms. Carrasco a Word version of the document to complete and invited Ms. Carrasco to

2

schedule a conference call to discuss further, but Ms. Carrasco did not respond. *Id.* at 2. On August 1, 2022, counsel for Assurant and ABIC reached out to Ms. Carrasco by email, again provided her with a Word version of the Joint Status Report to complete, and requested her additions as soon as possible. Ms. Carrasco did not respond as of the time Defendants filed their response to the Order to Show Cause on August 1, 2022, at 5:00 p.m.

The Magistrate Judge issued his PFRD on August 3, 2022. (Doc. 35). He found that Ms. Carrasco failed to comply with multiple Court orders to cooperate in preparing and filing a Joint Status Report, failed to comply with the Court's order to notify the Court of her correct email address, and failed to file a response to Defendant Wells Fargo's Motion to Dismiss or Alternative Motion for a More Definite Statement (Doc. 22). (Doc. 35) at 4. Applying the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2c 916, 921 (10th Cir. 1992), the Magistrate Judge made the following findings: (1) Ms. Carrasco's behavior caused prejudice to Defendants and interference with the judicial process as the Court has been unable to set pre-trial deadlines to move this case towards resolution; (2) Ms. Carrasco is culpable for violating the Court's orders; (3) Ms. Carrasco was warned in the Order to Show Cause that sanctions—including dismissal—could be imposed; and (4) lesser sanctions would not be effective. *Id.* Ms. Carrasco filed objections to the PFRD, and Defendants responded to Ms. Carrasco's objections in which they request that the Court proceed with the Magistrate Judge's recommended dismissal of Ms. Carrasco's Complaint without prejudice. (Docs. 36, 37, 38).

II. *Legal Standard*

A district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which is objection is made." 28 U.S.C. § 636(b)(1). "[O]bjections to the magistrate judge's report must be both timely and specific to

preserve an issue for de novo review by the district court[.]" *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

III.  *Discussion*

Ms. Carrasco's specific objections are difficult to ascertain, but she appears to restate her claims and asserts that she is unwilling to participate in the Court's pretrial process. For example, she states:

> Consistent Statements made of Allowed Very Broad Discretion and Threaten Court Order Sanction if not to conform to Intentionally Misleading Ms. Carrasco, Pro Se, with Misdirected and at Points Crippling Commendatory which seems a bit Personal and Invading. This is Illegal, Immoral, Unethical Intimidation of a Witness Party to Case and by the Highest Seat in the Room, The Honorable Judge.
>
> Under Rule 16(c) in first Paragraph states to "Scheduling Conference" as reference to Rule. Rule 16(c) states the Fact of Mandatory Presence of 2 while in attendance of "Settlement Conference". Due to Lack of Social Resources, Loss of Consortium and Completely Alone 100% of the time now, Ms. Carrasco feels reference is Hatful [sic], Ridiculously Nasty and Personal.
>
> Under Rule 16(f) on Page 3 of Document 35 in remainder of Paragraph (on previous page) states to the Very Broad Discretion for the reasons of Sound Expeditious Management of Case at Hand, the Ms. Carrasco, Pro Se., Wells Fargo, and I Quote from statements on record of Wells Fargo, "Ms. Carrasco(s) Unclean Hands, Equitable Doctrines of Estoppel and Laches behavior makes Ms. Carrasco and Other "insured" left with No Belief In nor Trust In, the Works of the Court Handing Out Justice.

(Doc. 36) at 2-3 (bold, italics, and underlining omitted). Ms. Carrasco does not otherwise explain her failure to comply with the Court's Orders or participate in the pretrial process.

As explained in the PFRD, the Court may dismiss a case if a party fails to obey a scheduling or other pretrial order. *See* Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 41(b). Rule 16(f) "indicates the intent to give courts very broad discretion to use sanctions where necessary to

4

insure . . . that lawyers and parties . . . fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial." *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) (quoting *Mulvaney v. Rivair Flying Serv., Inc.*, 744 F.2d 1438, 1440 (10th Cir. 1984) (en banc)). "It is within a court's discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 918 (10th Cir. 1992). Before dismissing a case as a sanction, a district court should evaluate the following factors on the record: "(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Gripe*, 312 F.3d at 1188 (summarizing the *Ehrenhaus* factors). "The factors do not create a rigid test but are simply criteria for the court to consider." *Id.* (citing *Ehrenhaus*, 965 F.2d at 921).

Applying the first two *Ehrenhaus* factors, the Court agrees with the Magistrate Judge that Ms. Carrasco's behavior has prejudiced Defendants and interfered with the judicial process as the Court has been unable to set pre-trial deadlines to move this case towards resolution. Ms. Carrasco's actions have wasted judicial resources and stymied the progress of this case by requiring the Court to intervene repeatedly. Specifically, Ms. Carrasco has failed to comply with multiple Court orders to cooperate in preparing and filing a joint status report, failed to comply with the Court's order to notify the Court of her correct email address, and failed to file a response to Defendant Wells Fargo's Motion to Dismiss or Alternative Motion for a More Definite Statement.

Regarding the third factor, the Court agrees that Ms. Carrasco is clearly culpable for violating the Court's orders. Despite having ample time to comply with the Court's Order to

Show Cause and Initial Scheduling Order, Ms. Carrasco still has not conferred with defense counsel, nor has she prepared a Joint Status Report with proposed pretrial deadlines. Fourth, Ms. Carrasco was warned more than once that her case was subject to dismissal for her failure to comply with the Court's orders. And as to the final factor, the Court considers Ms. Carrasco's consistent refusal to participate in required litigation procedures and her failure, in her latest Motion, to accept any responsibility or offer any explanation. The Court is persuaded no sanction less than dismissal will engage Ms. Carrasco's attention or participation in the pretrial process. The Court determines all the factors weigh in favor of dismissal.

For the foregoing reasons, the Court agrees that dismissal is warranted due to Ms. Carrasco's repeated failures to participate in the pretrial scheduling process that is required in all civil cases and her failure to comply with the Orders of this Court. While Ms. Carrasco's behavior may merit dismissal with prejudice, in consideration of Ms. Carrasco's *pro se* status, the Court dismisses the case without prejudice.

IT IS THEREFORE ORDERED that:

1. Ms. Carrasco's Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition, (Doc. 36), are OVERRULED;

2. The Magistrate Judge's Proposed Findings and Recommended Disposition, (Doc. 35), is ADOPTED; and

3. This action is DISMISSED without prejudice pursuant to the Federal Rules of Civil Procedure 16(f) and 41(b), and the Court's inherent authority. Separate Judgement will follow.

_____
UNITED STATES DISTRICT JUDGE

6